IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRAVELERS EXPRESS CO., INC. n/k/a MONEYGRAM PAYMENT SYS., INC., | : : : : | |
| Plaintiff, | : : | CIVIL ACTION NO. 08-5898 |
| v. | : : | |
| CHECKS 54TH, INC. d/b/a 54TH ST. CHECK CASHING, et al., | : : : | |
| Defendants. | : | |

**August 9, 2010**                                                                                                    **Anita B. Brody, J.**

## MEMORANDUM

**I. INTRODUCTION**

In this breach of contract action, Plaintiff Travelers Express Company, Inc. ("Travelers") moves for partial summary judgment against Defendant Diane Rosetsky with respect to Count VI of its Complaint, alleging that Ms. Rosetsky failed to indemnify Travelers for its loss in accordance with a personal guaranty.[1] Ms. Rosetsky, acting pro se, filed a Response in opposition to Travelers' motion, to which Travelers replied. Ms. Rosetsky subsequently amended her Response and Travelers filed its second Reply soon thereafter. For the reasons that follow, I will grant Travelers' Partial Motion for Summary Judgment as to Count VI of the Complaint.

---

[1] This Memorandum concerns Defendant Diane Rosetsky only. Judgment in favor of Plaintiff Travelers has already been entered against the other defendants in this matter. *See* Doc. #53, May 12, 2010 (default judgment entered against Defendant Checks 54th, Inc.); Doc. #54, May 13, 2010 (judgment entered against Defendant Norman Rosetsky on Count VI of Travelers' Complaint).

-1-

II. BACKGROUND[2]

Checks 54th, Inc. ("Checks 54th") is a check-cashing business which was incorporated under the laws of Pennsylvania on May 31, 2000. Pl.'s Second Reply, Ex. A, at 17. At its incorporation, Defendant Norman Rosetsky was named the president of Checks 54th and Diane Rosetsky was named secretary/treasurer.[3] Def. Ms. Rosetsky's Resp. ¶¶1-2. On June 29, 2000, to facilitate its ongoing operations, Checks 54th entered into a contractual relationship with Travelers in the form of a Master Trust Agreement ("MTA"), wherein Checks 54th agreed to serve as a special agent of Travelers in providing money transfer services. Compl. ¶7. Pursuant to the MTA, Checks 54th was to act as a trustee for Travelers' benefit for all fees received from money transfer services sold by Checks 54th. *Id*. at ¶8. Checks 54th was required to maintain a separate account in which the fees and other charges were to be deposited and ultimately remitted to Travelers. In connection with the MTA, Travelers required all owners of Checks 54th to sign a Personal Indemnity and Guaranty document ("Guaranty"). Pl.'s Partial Mot. for Summ. J., Ex. A, MTA & Guaranty. At the time, both Norman and Diane Rosetsky were owners of Checks 54th and therefore both were required to sign the Guaranty.[4] As guarantors, the Rosetskys,

---

[2] For purposes of summary judgment, "the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor." *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999) (internal quotation marks omitted). Here, the facts are stated in the light most favorable to Ms. Rosetsky.

[3] Defendants Diane and Norman Rosetsky were married at the time of the establishment of the business but have since separated and are currently in the midst of divorce proceedings.

[4] Ms. Rosetsky alleges that she signed the Guaranty under duress. Def. Ms. Rosetsky's Am. Resp. at ¶ 1. However, "[d]uress is an affirmative defense . . . on which [the] defendant bears the burden of proof. *Cardiac Consultants P.C. v. Feinberg*, 70 Pa. D. & C. 4th 536, 554 (Pa. C.P. 2004). Ms. Rosetsky has provided no evidence to support her duress defense and therefore she may not rely upon it to defeat summary judgment.

jointly and severally, guaranteed the performance of Checks 54th under the MTA, including the payment of any and all expenses due to Travelers during the course of business and in the event that Checks 54th failed to perform its obligations under the MTA. *Id*.

On August 2, 2002, Diane Rosetsky was removed as an owner and secretary/treasurer of Checks 54th *ab initio* by its president, Norman Rosetsky via an amendment to the company's Articles of Incorporation. Pl.'s Second Reply, Ex. A, at 35-37. Neither of the Rosetskys informed Travelers of this change in ownership. Diane Rosetsky claims that Norman Rosetsky was responsible for notifying Travelers of this change, and that she believed Norman would inform Travelers of her removal from Checks 54th's ownership. Def. Ms. Rosetsky's Resp. ¶3; Pl.'s Second Reply, Ex. A, Ms. Rosetsky Dep. 40:5-11, June 7, 2010. Ms Rosetsky admits that she has no evidence that Travelers was ever informed of the change in Checks 54th's ownership. Ms. Rosetsky Dep. 49:13-25.

On September 23, 2008, Travelers sent Checks 54th and the Rosetskys, as guarantors, a statement of account setting forth the funds and charges due to Travelers, totaling $94,820.50. When Travelers did not receive the payment in a timely manner, it commenced this action against Defendants on December 19, 2008.

### III. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); *Kornegay v. Cottingham*, 120 F.3d 392, 395 (3d Cir. 1997). A fact is "material" if the dispute "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

242, 248 (1986). There is a "genuine" issue of material fact if the evidence would permit a reasonable jury to find for the nonmoving party. *Id.* The "mere existence of a scintilla of evidence" is insufficient. *Id.* at 252.

The party moving for summary judgment bears the initial burden of demonstrating that there are no material facts supporting the non-moving party's legal position. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party carries this initial burden, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts"). The nonmoving party cannot rely upon "bare assertions, conclusory allegations or suspicions" to support its claim. *Fireman's Ins. Co. v. DuFresne*, 676 F.2d 965, 969 (3d Cir. 1982). Instead, the party opposing summary judgment must go beyond the pleadings and present evidence, through affidavits, depositions, or admissions on file, to show that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324. In determining whether the nonmoving party has established each element of its case, the court must draw all reasonable inferences in the nonmoving party's favor. *Matsushita*, 475 U.S. at 587.

## IV. DISCUSSION

In Count VI of the Complaint, Travelers alleges that the Rosetskys, as guarantors, are each individually liable for the unremitted funds and that their failure to remit the funds is a breach of the Guaranty. Ms. Rosetsky's principal argument in opposition to Travelers' Partial Motion for Summary Judgment is that at the instant she was removed as an owner of Checks 54th in 2002, her liability under the Guaranty was extinguished, and therefore she is not

responsible for indemnifying Travelers for Checks 54th's failure to remit $94,820.50. Ms. Rosetsky's secondary argument is that Travelers breached the MTA by failing to ensure that Checks 54th was properly insured, thereby absolving Ms. Rosetsky of any liability. Ms. Rosetsky's arguments fail to demonstrate that she is not liable to Travelers. To the contrary, the Guaranty and the MTA clearly show that Ms. Rosetsky is liable for the amount due to Travelers. Therefore, I will grant Travelers' Partial Motion for Summary Judgment.

### A. The Terms of the Master Trust Agreement and Guaranty

The MTA stipulates that Minnesota law governs. Compl., Ex. A, MTA at ¶ 27. Under Minnesota law, "[t]he primary goal of contract interpretation is to determine and enforce the intent of the parties. Where there is a written instrument, the intent of the parties is determined from the plain language of the instrument itself." *Travertine Corp. v. Lexington-Silverwood*, 683 N.W.2d 267, 271 (Minn. 2004) (internal citations omitted). "[W]hen a contractual provision is clear and unambiguous, courts should not rewrite, modify, or limit its effect by a strained construction." *Id.* Moreover, "under Minnesota law, unless there is an ambiguity, documents connected with a guarantee speak for themselves." *Air Sea Int'l Forwarding, Inc., v. Global Imps. & Trading, Inc.*, No. 03-cv-268, 2008 WL 5070702, *8 (D.N.J. Nov. 21, 2008).

The Guaranty states that guarantors personally and unconditionally guarantee the full performance of the MTA by Checks 54th, and that guarantors agree to indemnify Travelers against any and all loss or expense sustained as a result of any failure of Checks 54th to perform. Compl., Ex. A, Guaranty at ¶1. The Guaranty makes clear that it "may be terminated only with [Travelers'] written consent." *Id*. This is consistent with the MTA itself, which states that the Agreement "can be changed only in writing." Compl., Ex. A, MTA at ¶27. Moreover, all

notices given pursuant to the MTA "must be in writing and personally delivered, or mailed first class, or sent by FAX." *Id*. at ¶19.

There is no evidence that Travelers was ever provided a written notice of the change in ownership of Checks 54th. In fact, Ms. Rosetsky does not even dispute Travelers' claim that it was never made aware of the change in ownership of Checks 54th. *See* Ms. Rosetsky Dep. 49:13-25. Ms. Rosetsky simply argues that Norman Rosetsky was responsible for removing her from the contracts with Travelers and notifying Travelers of the change in Checks 54th's ownership. Def. Ms. Rosetsky's Resp. at ¶3. Ms. Rosetsky claims that Norman told her that she had been removed from all responsibilities regarding Checks 54th. Def. Ms. Rosetsky's Am. Resp. at ¶3. Ms. Rosetsky asserts that she was misled and deceived by Norman Rosetsky as to her continued liability for Checks 54th. *Id*.[5]

Ms. Rosetsky's misunderstanding as to her liability for Checks 54th does not relieve her of liability as to Travelers. Although Ms. Rosetsky believed Norman would inform Travelers that she was no longer an owner of Checks 54th, it remained her responsibility to ensure that Travelers received this information in writing and consented to her removal from the Guaranty. As Travelers was never made aware of Ms. Rosetsky's removal from the ownership of Checks 54th, she remains liable for the amount Checks 54th failed to remit to Travelers.

**B. Travelers Did Not Breach the Master Trust Agreement**

Ms. Rosetsky also argues that she cannot be held liable for the unremitted funds because Travelers allegedly breached the MTA by not enforcing the MTA's requirement that Checks 54th

---

[5] Ms. Rosetsky may, of course, be able to seek indemnification from Mr. Rosetsky for his actions in this matter and has already asserted several cross-claims against him. *See* Doc. #24.

maintain insurance for theft or loss of the Trust Funds. *See* Compl., Ex. A, MTA at ¶9. Ms. Rosetsky alleges that Travelers allowed Checks 54th to do business without insurance for years prior to December 2008 and argues that this amounts to a breach of contract. This breach, Ms. Rosetsky submits, voided the contract and released her from liability under the Guaranty.

Ms. Rosetsky's argument fails because, under the MTA, Travelers is not obligated to ensure that Checks 54th complies with the insurance requirement. The requirement merely states: "Trustee will maintain insurance covering theft or loss of the Trust Funds. Upon Company's request, Trustee will provide proof of insurance and a loss payable endorsement naming Company as a loss payee. Trustee hereby assigns insurance proceeds to Company to the extent necessary to pay amounts due Company." *Id*. at ¶ 9. Under this language, Travelers owed no duty to enforce a breach of the insurance requirement by Checks 54th; therefore, Travelers has not breached the MTA in a way that would release Ms. Rosetsky from liability. *See Minnwest Bank Central v. Flagship Properties LLC*, 689 N.W.2d 295, 303 (Minn. App. Ct. 2004) (noting that where plaintiff had no duty to perform under the contract, defendant had no cause for relief).[6]

## V. CONCLUSION

For the reasons stated above, Ms. Rosetsky has failed to demonstrate that she is no longer bound by the Guaranty. Consequently, Travelers Partial Motion for Summary Judgment on Count VI of its Complaint as to Defendant Diane Rosetsky will be granted.

s/Anita B. Brody

———————————
Anita B. Brody, J.

---

[6] Again, of course, Ms. Rosetsky may have a valid claim against Mr. Rosetsky for his failure to maintain insurance as the sole officer of Checks 54th.

O:\ABB 2010\L - Z\Travelers v Checks 54th, Diane Rosetsky SJ.wpd